UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JUSTIN DEAN KONIKOW,                                    Case No. 3:23-cv-00746-MC

    Petitioner,                                                   OPINION AND ORDER

    v.

ISRAEL JACQUEZ,

    Respondent.

_____

MCSHANE, District Judge.

    Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and alleges that the Bureau of Prisons (BOP) miscalculated earned time credits he is entitled to under the First Step Act (FSA). Because BOP has awarded Petitioner the earned time credits he seeks, his claim is now moot and the Petition is DENIED.

## DISCUSSION

    Petitioner is serving a 35-month sentence for committing mail fraud in violation of 18 U.S.C. § 1341. Rogowski Decl. ¶ 4(a) & Ex. 1. Petitioner is currently serving his sentence on

1   - OPINION AND ORDER

home confinement managed out of a Residential Reentry Center in Long Beach, California. *See id.* ¶ 4(b). Petitioner was transferred to this facility on May 8, 2023.[1] *Id.* ¶ 5.

Under the FSA, eligible inmates with a low risk of recidivism may earn time credits for participating in "evidence-based recidivism reduction programs" and other "productive activities." *See* 18 U.S.C. § 3632(d)(4); 28 C.F.R. § 523.42. The FSA authorizes BOP to apply earned time credits to the release dates of inmates and accelerate their release from confinement. 18 U.S.C. § 3624(g). Eligible inmates initially earn ten days of credit for every thirty days of successful participation in qualifying programs. *Id.* § 3632(d)(4)(A)(i). If an inmate maintains a minimum or low risk of recidivism over two consecutive risk and needs assessments, the inmate is eligible to earn an additional five days of credit, for a total of fifteen days of credit, for every thirty days of successful participation. *Id.* § 3632(d)(4)(A)(ii).

Petitioner claims that BOP refuses to award him fifteen days of FSA credit per month and fails to correctly apply earned time credits towards his release. *See* Pets at 2, 8A. In response, Respondent argues that Petitioner began receiving fifteen days of credit per thirty days of programming once he obtained two consecutive assessments at the "LOW" rating. Rogowski Decl. ¶¶ 8-11. Respondent thus argues that his claim is now moot.

"The case or controversy requirement of Article III . . . deprives federal courts of jurisdiction to hear moot cases." *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021) (citation omitted). "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Pizzuto v. Tewalt*, 997 F.3d

---

[1] For this reason, Respondent maintains that this Court lacks jurisdiction over him, because he was not the custodian of Petitioner at the time this action was filed. *See Smith v. Idaho,* 392 F.3d 350, 354 (9th Cir. 2004) (failure to name current custodian deprives court of personal jurisdiction). Although Respondent is correct, naming an improper Respondent is not necessarily dispositive and I address the question of mootness.

2    - OPINION AND ORDER

893, 903 (9th Cir. 2021) (citation omitted). "A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (citation omitted). The question of whether a case is "live" typically depends on whether a court can grant effective relief should it address the merits of the case. *Native Vill. of Nuiqsut*, 9 F.4th at 1208. "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

Here, the record reflects that Petitioner is receiving the FSA credit he seeks, and this Court cannot order any type of effective relief. Accordingly, this action is moot.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED on grounds of mootness.

DATED this 5th day of October, 2023.

>    s/ Michael J. McShane
>    MICHAEL J. MCSHANE
>    United States District Judge

3    - OPINION AND ORDER